**I.S. MULITAUAOPELE, Appellant**

**v.**

**FOFOGAOTUMUA K. MULITAUAOPELE, Appellee**

High Court of American Samoa
Appellate Division

AP No. 28-90

November 15, 1993

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, MUNSON,* Acting Associate Justice, VAIVAO, Associate Judge, and MAILO, Associate Judge.

Counsel:       For Appellant, I.S. Mulitauaopele pro se
                 For Appellee, Gata E. Gurr

KRUSE, Chief Justice

After the demise of Mulitauaopele Tamotu, Leaana L. Fuata filed his claim to succession to the matai title Mulitauaopele, attached to the village of Lauli'i. Leaana's claim attracted the objection of appellee Fofogaotumua K. Mulitauaopele, who in turn filed his claim to succession. Appellant I. S. Mulitauaopele also objected, but not as counter-claimant to the title; rather, he sought the dismissal of the succession claims of Leaana and Fofogaotumua, contending that there

---

* Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Marianas, serving by designation of the Secretary of the Interior.

was actually only one Mulitauaopele family of Lauliʻi and that he and his predecessors-in-title are the only rightful holders of the matai title Mulitauaopele. Appellant contends that the Mulitauaopele side headed by the late Mulitauaopele Tamotu (referred to below as the "Leaana" line) was essentially a temporary arrangement, which was "tolerated" by his predecessors, but that he and his relatives have the customary and legal right to have it discontinued.

The trial court declined to interfere with the status quo, being satisfied on the evidence of the existence of two separate and distinct Mulitauaopele families in the village of Lauliʻi. The court found that neither was related to the other by blood nor descended from the original titleholder, and that both families had separately evolved after the original descendants of the title had died out over one hundred years ago. While appellant's family traces its connection to the title by collateral descent, the appellees' side is related to the title either through marriage, adoption, or traditional appointment (*igagato* or *matuʻupalapala*). The court also thought it significant that each family had its own communal lands and has had its own registered titleholders, who not only have separate guest houses but have separately enjoyed traditional recognition at the village, county, and national level--further indicia of separate and distinct identity.

Appellant has essentially restated his arguments made below on his motion for new trial. Appellant's tact on appeal, as it was below, has been to pose a number of rhetorical questions quite unrelated to the findings and conclusions of the trial court. For example, appellant asks whether the court can create a new kind of matai, whether a non-heir can succeed to a family's title over that family's objection, and whether there can be split titles in American Samoa. Having answered "No" to these, appellant next argues that the trial court did or sanctioned these things and that, therefore, the court had erred "as a matter of law."

■ The trial court, however, neither created a new title, split a title, nor allowed the appointment of a non-heir to another family's title. Rather, it gave effect to something which substantial evidence had demonstrated had been in existence for over a century, after coming into being through the very same evolutionary process that gave rise to the "Tutuila" customs and traditions which appellant alluded to on the stand and in argument. As the trial court unambiguously stated:

> We are not . . . creating anything at all; we are
> merely declining to destroy something that has existed

44

> for at least a hundred years and that has been
> thoroughly integrated into the traditional institutions of
> the village, the Eastern District, and throughout Samoa.

MT No. 05-89, slip op. at 10 (Trial Div. August 8, 1990). Quite clearly, the trial court did not find it appropriate to abolish, by way of judicial fiat, a Samoan development which has endured for many generations and which has not only been "thoroughly integrated into the traditional institutions" but has also been recognized by the formal or legal institutions of the land. For instance, appellee's family title has been accepted for registration with the Territorial Registrar's office, and we additionally noted testimony on the record to the effect that the late Mulitauaopele Tamotu represented the Sua County in the territorial Senate.

■ Consequently, the trial court did not attempt to appoint a stranger to hold appellant's family title; rather it concluded on the evidence that Fofogaotumua was qualified to succeed the title left vacant by the death of Mulitauaopele Tamotu. Similarly, the trial court did not purport to "split" the title of appellant's family. It merely addressed the realities which exist today, and which developed not by the judicial process but by the evolutionary process that ultimately defines Samoan custom.

■ Appellant's "bottom line" argument about the court's creation of a new matai title, splitting a title, and/or appointing an adopted branch to co-hold his family's title is thus entirely without foundation. In matters of fact, the appellate division reviews for clear error. A.S.C.A. § 43.0801(b). We find the record replete with testimony about the existence of two separate and distinct Mulitauaopele families with separate sa'o. The trial court had substantial grounds upon which to base its findings, and they are, therefore, not to be disturbed.

■ Appellant alternatively argues that one of the Samoan Associate Judges was biased. There is no evidentiary support to the claim, which is premised solely on certain questions posed by the judge to the appellee Fofogaotumua. We see no basis for the claim of judicial bias against the appellant upon the strength of the questions posed. In any event, the questions complained of were asked at a stage in the proceedings *after* appellant's motion to dismiss had been denied in open court.

For reasons given, we affirm.

It is so ordered.